UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON WINDSOR,                )<br>                                                         )<br>         Plaintiff,                           )<br>                                                         )<br>    v.                                              )<br>                                                         )<br>U.S. DEPARTMENT OF                 )<br>VETERANS AFFAIRS,                  )<br>                                                         )<br>                                                         )<br>         Defendant.                       ) | Civil Action No. 1:23-cv-01050 (UNA) |

## **MEMORANDUM OPINION**

This matter is currently before the court on consideration of plaintiff's application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and *pro se* complaint, ECF No. 1. Upon review, the court grant the application to proceed IFP and will dismiss the complaint without prejudice.

Plaintiff has filed suit against the United States Department of Veterans Affairs. The complaint is not a model of clarity. From what can be understood, he attempts to bring this case, in large part, under the Veterans' Benefits Act, 38 U.S.C. §§ 501 *et seq*. More specifically, he challenges the Department's denial of "Chapter 31 benefits," which relate to veteran readiness and employment, and he seeks "retroactive benefits" and damages caused by the alleged fallout of that denial. But challenges to decisions "affecting the provision of veterans' benefits" are generally within the exclusive province of the Court of Veterans Appeals and the United States Court of Appeals for the Federal Circuit. *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (per curiam); *accord Hunt v. U.S. Dep't of Veterans Affairs*, 739 F.3d 706, 707 (D.C. Cir. 2014) (per curiam) (citing 38 U.S.C. § 511(a)); *Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005). "Benefit means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans

and their dependents and survivors." 38 C.F.R. § 20.3(e). Consequently, this court lacks subject matter jurisdiction over these claims. *See Price*, 228 F.3d at 421 (citing 38 U.S.C. § 511(a)); *see id*. at 422 ("[C]ourts have consistently held that a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction.") (citing cases); *see also Thomas*, 394 F.3d at 975 ("Because adjudicating . . . allegations [of] failure to render appropriate medical services and denial of . . . necessary medical care treatment would require the district court to determine first whether the VA acted properly in providing . . . benefits, [such] claims are barred by section 511.") (internal quotation marks and omitted).

Plaintiff also references the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. He alleges that, after he challenged his denial of benefits, the Department retaliated against him by intentionally withholding other necessary medical benefits and by providing him with inadequate medical care on more than one occasion. Again, he seeks retroactive benefits and damages. First, the "United States of America is the only proper defendant in a suit under the FTCA." *Chandler v. Fed. Bureau of Prisons*, 226 F. Supp. 3d 1, 6 n.3 (D.D.C. 2016); *see also Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 125 (D.D.C. 2016) ("[A] plaintiff may not bring tort claims against federal officials in their official capacities or against federal agencies; the proper defendant is the United States itself[.]"); 28 U.S.C. § 2679(a). Here, plaintiff has failed to sue the United States.

Second, "the FTCA also cannot circumvent section 511. The D.C. Circuit has held that section 511 precludes district court review not only of benefits determinations but also of tort claims related to a benefits determination that would require the district court to review the VA's determination about what the litigant was entitled to receive." *Fermin v. United States*, 268 F. Supp. 3d 228, 232 (D.D.C. 2017) (citing *Blue Water Navy Vietnam Veterans Ass'n, Inc. v.*

*McDonald*, 830 F.3d 570, 576 (D.C. Cir. 2016); *Thomas*, 394 F.3d at 975 (finding that plaintiff's tort claim about "the adequacy of medical services provided to the plaintiff," was barred by section 511)), *aff'd*, No. 17–5193, 2017 WL 7796296 (D.C. Cir. Dec. 20, 2017) (per curiam). Plaintiff's FTCA claims, at least as currently pleaded, are intrinsically linked to the Department's denial of benefits. He contends that all the alleged wrongdoing arises from that denial and his subsequent challenges to that determination. Therefore, "the court does not have jurisdiction pursuant to section 1346(b)(1)." *Id*.

Third, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Here, plaintiff has failed to comply with Rule 8(a) in pleading his FTCA claim. The FTCA allows a damages claim "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Plaintiff vaguely references "Veterans Affairs' staff" but fails to identify any of the actual government employees who allegedly determined to interfere

with his benefits and medical care or otherwise retaliated against him, nor does he explain how or when these unnamed government employees committed these acts.

To that end, plaintiff does not clearly identify where any of these tortious acts allegedly occurred. From a review of the attached exhibits, it appears that plaintiff takes issue, at least in part, with medical care that he was to receive, but was ultimately denied, in Maryland. Federal Tort Claims Act claims against the United States "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). In this court, "[u]nder the prevailing interpretation of section 1402(b), venue is proper in the District of Columbia if sufficient activities giving rise to plaintiff's cause of action took place here." *Franz v. United States*, 591 F. Supp. 374, 378 (D.D.C. 1984). These FTCA venue requirements have been interpreted in accordance with those of section 1391(b), "and the relevant terms of the two statutes are similar." *Id.* "Where section 1402(b) refers to the district '[where] the act or omission occurred,' section 1391(b) refers to 'the judicial district . . . in which the claim arose.' " *Id.*

Here, plaintiff is a citizen of Virginia, and there is no indication that any tortious activities occurred in the District of Columbia. Notably, the location of the federal government or an agency's headquarters office does not necessitate venue in this District, *see Bartel v. Federal Aviation Admin.*, 617 F. Supp. 190, 199 (D.D.C. 1985), and the court is required to examine venue carefully to guard against the danger that a plaintiff might attempt to improperly bring suit here by mere virtue of naming the federal government as a defendant, *see Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).

For all of these reasons, the action is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   May 1, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge